765 F.2d 12
 18 Fed. R. Evid. Serv. 688
 Howard JACOBSON, Petitioner-Appellant,
v.
Robert J. HENDERSON, Superintendent, Auburn Correctional
Facility; Thomas A. Coughlin, III, Commissioner, Department
of Correctional Services; and Robert Abrams, Attorney
General, Respondents-Appellees.
 No. 770, Docket 84-2280.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 4, 1985.
Decided June 13, 1985.
 
 Ramsey Clark, New York City (Lawrence W. Schilling, New York City, of counsel), for petitioner-appellant.
 Steven R. Kartagener, Asst. Dist. Atty., Bronx County, New York City (Mario Merola, Dist. Atty., Bronx County, New York City, of counsel), for respondents-appellees.
 Before MANSFIELD and PIERCE, Circuit Judges, and BARTELS, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Howard Jacobson appeals from an order of the United States District Court for the Southern District of New York (Cannella, Judge ), dated July 25, 1984, denying his petition for a writ of habeas corpus. 591 F.Supp. 503. As the grounds for the habeas application, petitioner alleges that he was denied a fair trial, in violation of his constitutional rights because of: (1) jury misconduct, (2) failure to produce a material witness, and (3) failure to permit a witness to testify. For the reasons stated herein, we affirm the decision of the district court.BACKGROUND
 
 
 2
 After the filing of an indictment on May 28, 1979, charging petitioner with murder in the second degree, he was tried before a judge and jury in New York Supreme Court, Bronx County. Following a two and one-half month trial, the jury deliberated for six days. It is alleged that, during the course of jury deliberations, there was screaming, hysterical crying, fist banging, name calling, and the use of obscene language. One of the jurors allegedly threw a chair at another, then "broke down," crying and claiming that he was a "sick man." It is further alleged that the jury foreman "refused" to notify the trial judge of these incidents although he was requested to do so by other jurors, and that at one point a court officer upon hearing the noise in the jury room opened the door and asked if anyone needed help, to which the foreman replied: "It's all right, we can handle it."
 
 
 3
 On April 12, 1980, Jacobson was convicted of second degree murder and thereafter was sentenced to serve an indeterminate term of twenty-five years to life imprisonment. Approximately eight months after the jury verdict was returned, petitioner moved in the state court, upon the affidavits of three jurors, to vacate the judgment because of jury misconduct. Juror Michael Speller, in an affidavit dated May 6, 1980, alleged that he "changed [his] vote to guilty out of fear"; juror Bernice Foust, in an affidavit dated May 30, 1980, mentioned the use of notes by one of the other jurors, the use of foul language, and the chair-throwing incident; juror Rose Kovnit, in an affidavit dated November 6, 1980, essentially repeated the allegations of the Speller affidavit, which was attached to her affidavit.
 
 
 4
 Noting that, absent evidence of extraneous influence statements by jurors may not be used to impeach a verdict once a jury has been discharged, Stein v. New York, 346 U.S. 156, 178, 73 S.Ct. 1077, 1089, 97 L.Ed. 1522 (1953), the state trial court reviewed both supporting and opposing affidavits and determined that the affidavits failed to demonstrate either that there had been an outside influence on jury deliberations or that the jurors had been coerced into reaching their verdict. These findings by the state trial judge are further supported by the formal polling of the jury when the verdict was returned, and the chronology of events, both reflected in the record. People v. Jacobson, 109 Misc.2d 204, 440 N.Y.S.2d 458 (Bronx Co. Sup.Ct.1981). On appeal, the judgment of conviction and the order denying the motion to vacate the judgment were affirmed without opinion by the Appellate Division, People v. Jacobson, 89 A.D.2d 826, 452 N.Y.S.2d 473 (1st Dep't 1982), and a judge of the New York Court of Appeals denied leave to appeal to that court, People v. Jacobson, 57 N.Y.2d 781, 454 N.Y.S.2d 1057, 440 N.E.2d 1348 (1982).
 
 
 5
 Thereafter, pursuant to 28 U.S.C. Sec. 2254, petitioner filed the present application for a writ of habeas corpus, dated May 26, 1983, asserting that he was denied: (1) a fair trial and the right to an impartial jury because of jury misconduct; (2) a fair trial and his right of compulsory process and due process because the prosecution failed to produce an alleged material witness; and (3) a fair trial because of the court's refusal to permit a witness to testify. The district judge denied petitioner's application, ruling that the claimed jury misconduct did not violate petitioner's constitutional rights. The judge held that the state trial court's findings with regard to the conflicting statements in the affidavits were not reversible error and agreed that the jury could not impeach its verdict with affidavits. In addition, the district court found that petitioner was not denied a fair trial by virtue of the prosecutor's failure to produce a material witness or the court's refusal to permit a witness to testify. This appeal followed.
 
 DISCUSSION
 
 6
 Affidavits and statements by jurors may not ordinarily be used to impeach a verdict once the jury has been discharged unless extraneous influence has invaded the jury room. Stein v. New York, 346 U.S. 156, 178, 73 S.Ct. 1077, 1089, 97 L.Ed. 1522 (1953); McDonald and United States Fidelity and Guaranty Company v. Pless, 238 U.S. 264, 267-69, 35 S.Ct. 783, 784-85, 59 L.Ed. 1300 (1915); Mattox v. United States, 146 U.S. 140, 148-49, 13 S.Ct. 50, 52-3, 36 L.Ed. 917 (1892); People v. De Lucia, 20 N.Y.2d 275, 279, 229 N.E.2d 211, 214, 282 N.Y.S.2d 526, 529-30 (1967); United States ex rel. Owen v. McMann, 435 F.2d 813, 819-20 (2d Cir.1970), cert. denied, 402 U.S. 906, 91 S.Ct. 1373, 28 L.Ed.2d 646 (1971). In consonance with this principle, Rule 606(b) of the Federal Rules of Evidence expressly prohibits the use of a juror's affidavit to impeach a verdict except with respect to extraneous prejudicial information or outside influence.
 
 
 7
 The state trial judge reviewed the allegations set forth in the affidavits of the jurors and affidavits in opposition thereto submitted by the prosecutor indicating that two of the three jurors' affidavits were inaccurate and concluded: (1) no coercion or fear influenced the jurors' verdict and (2) no outside influence was exerted upon the jurors. The court concluded that the affidavits could not be used to impeach the jury's verdict. With certain exceptions, section 2254(d) of Title 28 of the United States Code requires federal courts in habeas proceedings "to show a high measure of deference to the factfindings made by the state courts." Sumner v. Mata, 455 U.S. 591, 598, 102 S.Ct. 1303, 1307, 71 L.Ed.2d 480 (1982); accord Marshall v. Lonberger, 459 U.S. 422, 432, 103 S.Ct. 843, 850, 74 L.Ed.2d 646 (1983). Upon review of the record as a whole, as required by Sec. 2254(d)(8), we conclude that the state trial court's determinations herein were "fairly supported by the record."
 
 
 8
 It is noteworthy that the chronology of events immediately preceding the verdict as set forth in the trial record indicates that, had there been any undue internal influence or any outside influence, the jury had the clear opportunity to bring this to the trial judge's attention. On the day the verdict was returned, at 11:27 A.M., there was readback of testimony in response to a jury request; at 11:35 A.M. completion of readback and deliberations resumed; then followed a lunch break; at 2:55 P.M. there was another request for readback of a witness' testimony; at 4:10 P.M. readback was completed and deliberations followed; whereupon at 4:15 P.M. a jury note was received indicating that a verdict had been reached; and at 4:35 P.M. the verdict was recorded. The jurors were then polled and each juror affirmed the verdict. Thus, the complaining jurors had several opportunities to communicate directly with the court if any of them felt unfairly coerced, harassed, intimidated, or felt themselves to be in physical danger. We further note that there was at least a one-to-two hour interval between the alleged chair-throwing incident and the verdict. In light of the state trial judge's findings based upon his assessment of the affidavits herein, the jury poll and the absence of any complaints while being polled, and in view of the holding in Stein, there was no valid basis for concluding that the jury was influenced through external or internal means in reaching its final verdict or that the defendant was denied the right to a fair trial. We therefore need not decide whether and when it is permissible to allow impeachment of a jury verdict by means of juror affidavits describing misconduct within the jury room that does not involve extraneous influences on jury deliberations. In People v. De Lucia, the court observed that although "articulate jurors may intimidate the inarticulate, [and] the aggressive may unduly influence the docile," 20 N.Y.2d at 278, 229 N.E.2d at 213, 282 N.Y.S.2d at 529, "scarcely any verdict might remain unassailable, if ... statements [to impeach a jury's verdict] were admissible." Id.
 
 
 9
 Petitioner further alleges that he was denied a fair trial by the state trial court's failure to permit a witness to testify. The trial court excluded this testimony on the ground that it was too collateral in that the defense was improperly attempting to impeach the credibility of an impeaching witness by means of extrinsic evidence. A trial judge has wide discretion in this regard, and since, in our view, no abuse of discretion occurred, we uphold the trial court's evidentiary ruling.
 
 
 10
 Finally, petitioner contends that he was denied a fair trial and his right to compulsory process because of the prosecutor's failure to produce a material witness. Since the witness in question was not under the control of state authorities, neither the prosecutor nor the court had any obligation to secure his presence as a defense witness. Moreover, petitioner conceded that he was receiving full cooperation of the State in the search for the witness.
 
 
 11
 For the foregoing reasons, we conclude that petitioner's constitutional rights were not violated, and we therefore affirm the decision of the district court.
 
 
 12
 Affirmed.
 
 
 
 *
 Honorable John R. Bartels, Senior District Judge, Eastern District of New York, sitting by designation