UNITED STATES, Appellee,

v.

Allen J. DAVIS, Jr., Specialist Four,
U.S. Army, Appellant.

No. 61,516.
CM 8800349.

U.S. Court of Military Appeals.

Jan. 8, 1990.

For Appellant: *Captain Cynthia G. Wright* (argued); *Colonel John T. Edwards, Lieutenant Colonel Russell S. Estey, Captain Keith W. Sickendick, Captain Jon W. Stentz* (on brief).

For Appellee: *Captain Jonathan J. Potter* (argued); *Lieutenant Colonel Gary F. Roberson, Major Gary L. Hausken* (on brief); *Colonel Norman G. Cooper* and *Lieutenant Colonel Daniel J. Dell'Orto.*

*Opinion of the Court*

COX, Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members at Fort Ord, California. Contrary to his pleas, he was convicted of conspiracy to damage private property; damage to private property; and wrongful use of cocaine, in violation of Articles 81, 109, and 112a, Uniform Code of Military Justice, 10 USC §§ 881, 909, and 912a, respectively. He was sentenced to a bad-con-

duct discharge, 3 years' confinement, total forfeitures, and reduction to E–1. The convening authority approved the findings and the sentence, except for confinement exceeding 33 months. The Court of Military Review affirmed the findings and the sentence as modified.

This Court granted review of the following issues:

# I

WHETHER THE MILITARY JUDGE ERRED BY FAILING TO ABATE THE PROCEEDINGS AFTER FINDING THAT AN UNAVAILABLE DEFENSE WITNESS WAS BOTH MATERIAL AND NECESSARY.

# II

WHETHER THE ARMY COURT OF MILITARY REVIEW ERRED IN HOLDING THAT A WITNESS' TESTIMONY "WAS NOT ESSENTIAL TO A FAIR TRIAL" WHERE THE TRIAL JUDGE HAD FOUND THE WITNESS TO BE BOTH MATERIAL AND NECESSARY.

The Government's case was that, on the evening of October 30, 1987, appellant and several other members of his unit met in a room in his barracks and conspired to damage two automobiles; one belonged to a staff sergeant and the other belonged to a corporal. In furtherance of the conspiracy, appellant and the other members of the group damaged the sergeant's car by slashing the tires, breaking the windshield, and scratching the paint. The corporal's automobile actually escaped damage because the conspirators damaged someone else's car by mistake. Appellant's specific role in the conspiracy was to puncture the tires on the sergeant's car.

At trial, appellant raised an alibi defense. The alibi proffered was that appellant could not have been part of the conspiracy because he was not present when the agreement was made. Prior to trial, defense counsel requested that the Government produce a witness named Ms. Kim Grice. According to defense counsel, Ms.

Grice would testify that, on the night of October 30, she had a one-hour telephone conversation with appellant at the same time that the co-conspirators were meeting.

Trial counsel's version of Ms. Grice's expected testimony, however, differed substantially from that of the defense. According to trial counsel, the Government had obtained copies of phone bills from Ms. Grice's home, none of which substantiated the occurrence of a one-hour phone conversation between the witness and appellant on the night date in question. Trial counsel also informed the military judge that he had spoken with Ms. Grice just prior to trial, and she had told him that she did not recall speaking to appellant on the night of October 30.

Prior to trial, the Government made a number of efforts to secure Ms. Grice's presence. These included three attempts by United States Marshals to serve a subpoena on Ms. Grice personally at her home. The marshals were always informed by Ms. Grice's mother that she was not at home, and her mother did not know where she was. The marshals then tried unsuccessfully to serve Ms. Grice at her place of employment. On the day before trial, Ms. Grice informed the Government by telephone that she would continue to avoid service of process.

The military judge found that, although Ms. Grice's testimony was relevant and necessary to help establish an alibi for appellant, she was unavailable because of her refusal to be served with a subpoena. The judge found specifically that the Government had made "good-faith, reasonable efforts" and had used "due diligence" to obtain the presence of the witness. In the judge's opinion, it would be "fruitless" to serve a warrant of attachment, because the Government was unable to even properly serve a subpoena. The military judge asked defense counsel if a stipulation of expected testimony could be agreed upon, but defense counsel indicated that this was not possible. Accordingly, the judge ordered that the trial proceed without the testimony of Ms. Grice. Defense counsel

agreed that the Government had exercised due diligence in trying to secure Ms. Grice's presence. Prior to the judge's ruling, defense counsel did not request a continuance or abatement in order to secure Ms. Grice's presence.

■ A trial may proceed in the absence of a relevant and necessary witness if that witness is not amenable to process. Mil.R. Evid. 804(a) and RCM 703(b)(3), Manual for Courts–Martial, United States, 1984; *United States v. Bennett*, 12 MJ 463 (CMA 1982); *cf. United States v. Santiago–Davila*, 26 MJ 380 (CMA 1988); *United States v. Cordero*, 22 MJ 216 (CMA 1986).

> The Supreme Court has addressed the problem this way: ... "The lengths to which the prosecution must go to produce a witness ... is a question of reasonableness." The ultimate question is whether the witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness.

*Ohio v. Roberts*, 448 U.S. 56, 74, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980) (citation omitted), quoted in *United States v. Burns*, 27 MJ 92, 96–97 (CMA 1988); *United States v. Hinton*, 21 MJ 267 (CMA 1986).

■ The Government's efforts to secure Ms. Grice's presence were certainly reasonable and diligent. This was actually conceded by defense counsel at trial. There were three attempts to personally serve a subpoena on the witness at her residence, as well as attempts to locate her at her place of employment. In addition, trial counsel had another government counsel contact Ms. Grice to impress upon her the importance of appearing at trial. Her only response was that she would avoid service of process.

■ Most significantly, there were no bad-faith efforts on the part of the Government to secrete the location of a possible alibi witness.[1] Rather, the case evinces laudable cooperation on the part of civilian authorities to help the defense secure a witness for a military trial. *Cf. Jacobson v. Henderson*, 765 F.2d 12 (2d Cir.1985). Contrary to our holding in *United States v. Hinton, supra*, the military judge could not, as argued by appellate defense counsel, order that a warrant of attachment be issued to ensure Ms. Grice's presence, for the simple reason that she refused to be initially served with a subpoena.[2] The Government therefore used every means available to secure her presence; her own nonamenability to service rendered her unavailable.

RCM 703(b)(3) states:

> (3) *Unavailable witness.* Notwithstanding subsections (b)(1) and (2) of this rule, a party is *not* entitled to the presence of a witness who is unavailable within the meaning of Mil.R.Evid. 804(a). However, if the testimony of a witness who is unavailable is of such central importance to an issue that *it is essential to a fair trial, and if there is no adequate substitute for such testimony, the military judge shall grant a continuance or other relief in order to attempt to secure the witness' presence or shall abate the proceedings*, unless the unavailability of the witness is the fault of or could have been prevented by the requesting party.

(Emphasis added.) The obvious implication of this provision is that, once the witness was deemed unavailable, appellant was required to show that her testimony was more than relevant and necessary. Indeed,

---

1. *Contra Arizona v. Youngblood,* 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988).

2. RCM 703(e)(2)(G) states:
   (i) *Issuance of warrant of attachment.* The military judge ... may, in accordance with this rule, issue a warrant of attachment to compel the attendance of a witness....

      \*　　\*　　\*　　\*　　\*　　\*

   (ii) *Requirements.* A warrant of attachment may be issued only upon probable cause to believe that the witness was duly served with a subpoena, that the subpoena was issued in accordance with these rules, ... that the witness is material, that the witness refused ... to appear at the time and place specified on the subpoena, and that no valid excuse reasonably appears for the witness' failure to appear.

the rule requires a showing that the witness was "essential to a fair trial *and*" that there was "no adequate substitute for such testimony." (Emphasis added.) Appellant was then required to elect and justify a remedy short of dismissal, either a continuance or abatement. These procedural requirements do not conflict with the Sixth Amendment or Article 46, UCMJ, 10 USC § 846. *See United States v. Valenzuela–Bernal,* 458 U.S. 858, 867, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982); *United States v. Jefferson,* 13 MJ 1 (CMA 1982).

For whatever reason, appellant chose not to seek either a continuance or an abatement of the proceedings when the witness was deemed unavailable.[3] In light of appellant's election not to comply with these reasonable procedural requirements, we find no violation of his right to compulsory process under the Confrontation Clause of the Sixth Amendment or Article 46 of the Uniform Code. *Cf. Taylor v. Illinois,* 484 U.S. 400, 108 S.Ct. 646, 653–56, 98 L.Ed.2d 798 (1988).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

---

**3.** Considering defense counsel's concession that the Government had exercised diligent efforts to secure the witness' presence and counsel's understandable refusal to enter into a stipulation as to that witness' expected testimony, the case serves as a lesson learned: When a defense counsel becomes aware of a relevant and material witness who may be unamenable to service of process, it would serve counsel well to first obtain from the potential witness an affidavit which is, in turn, witnessed by a third party. If the witness remains true to form and refuses to testify, defense counsel can at least offer the affidavit as an exception to the hearsay rule under Mil.R.Evid. 804(b)(5).