**UNITED STATES, Appellee,**

v.

**Raymond E. MURPHY, Senior Airman, U.S. Air Force, Appellant.**

No. 65,301.
ACM 28394.

U.S. Court of Military Appeals.

Argued April 23, 1991.

Decided Sept. 20, 1991.

For Appellant: *Captain Michael D. Burt* (argued); *Lieutenant Colonel Jeffrey R. Owens* (on brief).

For Appellee: *Captain James C. Sinwell* (argued); *Lieutenant Colonel Brenda J. Hollis* (on brief).

Amicus Curiae on behalf of appellant: *Major Joseph B. Gilbert,* USMC, and *Captain Dwight H. Sullivan,* USMC—for United States Navy–Marine Corps Appellate Defense Division.

*Opinion of the Court*

SULLIVAN, Chief Judge:

Appellant's general court-martial was held before a military judge sitting alone at Pope Air Force Base, North Carolina, on January 5, 1990. Contrary to his pleas, he was found guilty of wrongfully using cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. He was sentenced to a bad-conduct discharge, confinement for 6 months and 15 days, and reduction to E–1. The convening authority approved this sentence on February 16, 1990. The Court of Military Review affirmed in an unpublished opinion dated July 12, 1990.

This Court granted review on the following question of law:

WHETHER THE MILITARY JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF APPELLANT BY *SUA SPONTE* TAKING JUDICIAL NOTICE THAT BENZOYLECGONINE IS NOT NATURALLY PRODUCED BY THE HUMAN BODY.

We hold that any error in this regard was clearly waived. Mil.R.Evid. 103(a)(1), Manual for Courts–Martial, United States, 1984.

The Court of Military Review found the following concerning the granted issue:

At trial, the Government submitted a one-page report concerning the appellant's urine specimen. The document, signed by the Chief of the Results Reporting Branch of the Air Force Drug Testing Laboratory at Brooks Air Force Base, Texas, stated that the specimen was "determined presumptive positive

for cocaine" at a concentration of 346 nanograms per milliliter.

None of the attachments listed on the document were submitted. The prosecution introduced no testimony to explain the meaning of the report.

After the report was admitted without defense objection, the prosecution rested.

Defense counsel then volunteered:

Sir, before calling the first witness, I would like to say in relationship to Prosecution Exhibit 4 [the one-page report], just so it is clear for any subsequent review, I have specifically considered *the issues and foundation on that exhibit in terms of the results of the urinalysis* and specifically considered chain of custody issues and all of that and have determined, tactically, that all that could be gained by putting the government to the test on the foundation would be an inevitable delay in this proceeding. I just wanted to make sure, not for the purpose of this proceeding, but any subsequent reviewer.

(Emphasis added.)

Before announcing findings, the military judge stated:

Pursuant to Military Rule of Evidence 201(b) and 201(c), the Court has taken judicial notice of the following adjudicative fact: The human body does not produce the cocaine metabolite, benzoylecgonine, without the ingestion of cocaine.

There was no defense objection to this announcement. *See* Mil.R.Evid. 201(c). At this point, the judge found the appellant guilty as charged. Unpub. op. at 2.

The error asserted by appellate defense counsel in this case is that the judge should not have taken judicial notice, *sua sponte*, that "[t]he human body does not produce the cocaine metabolite, benzoylecgonine, without the ingestion of cocaine." *See generally United States v. Boulden*, 29 MJ 44 (CMA 1989). Consequently, he argues that, absent direct proof of the above facts, the Government's case showing drug use through urine test results must legally fail. *See United States v. Harper*, 22 MJ 157 (CMA 1986). This approach, we note, differs from his defense at trial, namely that

he unknowingly used cocaine when he feigned smoking a pipe which he believed no longer contained rock cocaine.

Mil.R.Evid. 201 states:

Rule 201. Judicial notice of adjudicative facts

(a) *Scope of rule.* This rule governs only judicial notice of adjudicative facts.

(b) *Kinds of facts.* A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known universally, locally, or in the area pertinent to the event or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(c) *When discretionary.* The military judge may take judicial notice, whether requested or not. The parties shall be informed in open court when, without being requested, the military judge takes judicial notice of an adjudicative fact essential to establishing an element of the case.

(d) *When mandatory.* The military judge shall take judicial notice if requested by a party and supplied with the necessary information.

(e) *Opportunity to be heard.* A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

(f) *Time of taking notice.* Judicial notice may be taken at any stage of the proceeding.

(g) *Instructing members.* The military judge shall instruct the members that they may, but are not required to, accept as conclusive any matter judicially noticed.

The above rule of evidence plainly permits the judge not only to take judicial notice of a certain type of fact at courts-martial but to do so even when not requested by the parties. Mil.R.Evid. 201(b) and (c). Consistent with his defense strategy, defense counsel in this case did not object at trial to the military judge's taking judi-

cial notice that benzoylecgonine is not naturally produced by the body. Moreover, he did not proffer any reasons why this particular asserted fact could not be judicially noticed or why the judge should not do so *sua sponte.* *See* Mil.R.Evid. 201(e). Finally, appellant made substantial pretrial and trial admissions and other concessions concerning the nature of the substance burned in the makeshift smoking pipe discovered in his car. In these circumstances, we hold that appellant has waived appellate consideration of the assigned issue. Mil.R.Evid. 103(a)(1); * see also *United States v. Davis,* 29 MJ 357, 360 (CMA 1990).

The decision of the United States Air Force Court of Military Review is affirmed.

Judge COX and Senior Judge EVERETT concur.

---

\* Rule 103. Rulings on evidence

(a) *Effect of erroneous ruling.* Error may not be predicated upon a ruling which admits or excludes evidence unless the ruling materially prejudices a substantial right of a party, and

(1) *Objection.* In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context; . . . .