**UNITED STATES of America**

v.

**Raymond G. DISMORE, Defendant.**

**Cr. No. 00–16–P–S.**

United States District Court, D. Maine.

Sept. 25, 2000.

Peter E. Rodway, Rodway & Horodyski, Portland, ME, Bruce M. Merrill, Portland, ME, for Raymond G Dismore, Jr, defendant.

## ORDER ON DEFENDANT'S POST–TRIAL MOTION

SINGAL, District Judge.

Following a jury verdict finding Defendant Raymond Dismore ("Defendant") guilty of conspiring to distribute marijuana in excess of 100 kilograms (Count I) and filing false federal tax returns in 1995 and 1996 (Counts II & III), Defendant filed a post-trial motion (Docket # 32). Through his motion, Defendant requests that this Court set aside the verdict pursuant to Fed.R.Crim.P. 29(c), grant a new trial pursuant to Fed.R.Crim.P. 33 or, alternatively, hold a hearing to investigate charges of juror misconduct. For the reasons described below, the Court DENIES Defendant's Motion.

### I. BACKGROUND

To put the Defendant's Motion in context, the Court attempts to briefly explain the factual and procedural background leading up to this ruling.

Defendant Dismore was tried with his co-defendant Harry Noble. Both defendants were charged with conspiracy to distribute marijuana but only Defendant Dismore was charged with filing false tax returns in 1995 and 1996 (Counts II & III). The trial commenced on Monday, July 31, 2000. Following closing arguments and the Court's charge, the jury began its deliberation on Thursday afternoon. The jury resumed its deliberations on Friday morning and shortly thereafter sent a note asking what it should do if it had come to an agreement on some counts but not other counts. (Court Ex. 8.) After discussing the note with counsel, the Court advised the jury to mark their verdict form for those counts that it agreed on and deliberate further on the remaining counts. (Court Ex. 9.)

Approximately one hour later, the jury sent another note announcing that it was "hopelessly deadlocked" on Count I for both Defendants. (Court Ex. 10.) Subsequently, at approximately 11:30 a.m. on Friday, the Court received the jury's partial verdict finding Defendant Dismore guilty on Counts II & III. The Court then gave the jury an "Allen" charge following the First Circuit's Pattern Jury Charge 6.06. *See* First Circuit Pattern Jury Instruction: Criminal § 6.06 (1998). The jury then continued its deliberations.

In response to a note inquiring how much longer the jury wished to deliberate on Friday evening, the jury sent out a note explaining that it was deadlocked on Count I as to Defendant Noble but that it had reached a verdict on Count I as to Defendant Dismore. (Court Exs. 20 & 21.) At this point the jury had deliberated approximately sixteen hours over the course of two days. Shortly after 8:00 p.m., the jury returned its verdict finding Defendant Dismore guilty of conspiring to distribute marijuana in excess of 100 kilograms. Pursuant to counsel's request, the jury was polled. Each member of the jury then affirmed in open court that they agreed with the guilty verdict as to Defendant Dismore. Counsel for Defendant Noble moved for a mistrial as to her client and the Court granted Noble's Motion for a mistrial.[1]

---

1. Although Defendant Noble was granted a mistrial, he has joined in Defendant Dismore's post-trial pleadings and, through counsel, was present for the Court's September 6th meeting. Counsel for Mr. Noble asserts that Mr. Noble joined in Defendant Dismore's post-trial motion in an effort to preserve his rights should the Government decide to retry its case against him. (Letter from Gail M. Latouf, counsel for Mr. Noble (Aug. 11, 2000) (Docket # 31).) Although the Court is not entirely sure that Mr. Noble has standing to join in the post-trial motion, the Court's ruling on the post-trial motion is

On August 7th, the following Monday, the Court was informed that two jurors had contacted the Clerk's Office complaining about aspects of the jury's deliberations. The clerk suggested that each juror put his views in writing. Pursuant to this suggestion, one of the jurors wrote to the Court outlining his feelings and listing things said to him by other jurors during the course of the jury's deliberations. On August 8th, the Court wrote all counsel advising them of the jurors' post-verdict contact with the Court. Because there were no allegations of outside influences, the Court explained that it did not believe any further action was warranted.

Defendant Dismore subsequently filed his motion on August 17, 2000. On September 6, 2000, the Court held a meeting on the record with all counsel regarding the allegations of juror misconduct. Prior to this meeting, the Court allowed counsel to view a redacted version of the sealed juror letter.[2] In addition to hearing from all parties regarding whether the letter contained any allegations of outside influence that warranted further investigation, the Court, with all counsel present, questioned the jury officer who had spoken with the second juror. This second juror apparently declined the clerk's invitation to put his concerns in writing after speaking with the jury officer. The jury officer's testimony regarding her conversation with the second juror similarly focused solely on the deliberations, which the juror had described as "out of control" with jurors being "abusive" and "disrespectful" to one another.

During the meeting, defense counsel for Defendant Dismore focused on one particular allegation contained in the juror letter. Specifically, counsel was concerned about the juror's allegation that during the

course of deliberations one juror had said that because the Defendants were indicted, they must be guilty. Defense counsel suggested that because this statement evidenced a complete failure to follow the jury instructions,[3] the juror who made the statement may have falsely answered a voir dire question. Counsel requested time to research and brief this particular issue, which he was not aware of before viewing the letter that contained the alleged statement. The Court agreed to allow defense counsel time to consider this issue and brief it for the Court. However, by letter dated September 19, 2000, defense counsel informed the Court that, upon further review, he could not find "any cases which would permit Mr. Dismore to pursue the issues raise by the juror's letter." (Letter from Bruce M. Merrill, counsel for Mr. Dismore, at 2 (Sept. 19, 2000) (Docket # 40).)

## II. DISCUSSION

### A. No Further Investigation is Warranted

Having reviewed the jurors' allegations in light of all of the concerns raised by counsel, the Court finds no reason to conduct a further investigation. In fact, the Court concludes that any further investigation would improperly probe the jury's deliberations. *See Mahoney v. Vondergritt*, 938 F.2d 1490, 1492 (1st Cir.1991) (explaining that an investigation "into the motives of individual jurors and conduct during deliberations is never permissible; any investigation must focus solely on whether the jury was exposed to external influences and, from an objective perspective, whether such influence was likely to have affected the jury's verdict.").

---

the same as to both defendants to the extent it is applicable.

2. The Court redacted only the juror's name and number.

3. In fact, the Court in its final jury instructions explained to the jury, "The indictment is

not evidence … I caution you, as I have before, that the fact that these defendants have had an indictment filed against them is no evidence whatsoever of their guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing."

Through its September 6th meeting, the Court engaged counsel in an informed dialogue regarding the post-verdict allegations by two jurors in this case. The Court allowed counsel access to all of the evidence the Court had before it regarding the allegations. After reviewing all of the available evidence, counsel agreed with the Court that: (1) the evidence before the Court did not suggest any outside influence on the jury, (2) the Court was not notified of any irregularities during the jury's deliberations and (3) during the Court's poll of the jury, each juror indicated that they concurred in the verdict finding Defendant Dismore guilty.

The Court considers these mutually agreed-upon conclusions in light of Rule 606(b), *see* F.R.E. 606(b), and the First Circuit's instructions that post-verdict interviews should only be conducted when the Court finds they are appropriate because the case presents an extraordinary situation. *See United States v. Kepreos*, 759 F.2d 961, 967 (1st Cir.1985). Without an iota of evidence indicating external influence on the jury, the Court would be hard pressed to conclude that this case presents an extraordinary situation where it is appropriate to conduct a post-verdict interview of two jurors. *See id.* Therefore, the Court will not conduct any further investigation and concludes that none is required.

### B. No Evidence of Outside Influence

■ Having found that no further investigation is appropriate, the Court also concludes that the evidence currently before it is inadmissible. Neither the juror letter nor the testimony of the jury officer suggests extraneous prejudicial information or outside influence on the jury. *See* F.R.E. 606(b). Rather, all of the evidence received by the Court concerns matters "occurring during the course of the jury's

deliberations." F.R.E. 606(b). Consequently, the jurors' statements must be excluded under F.R.E. 606(b) and cannot support Defendant's Motion. *See United States v. Brito*, 136 F.3d 397, 414 (5th Cir.1998) (finding a juror affidavit alleging internal coercion was inadmissible to support defendants' motions for a new trial), cert. denied, 523 U.S. 1128, 118 S.Ct. 1817, 140 L.Ed.2d 954 (1998).

This exclusion extends to the alleged statement indicating that at least one juror thought the Defendant was guilty because he was indicted despite the Court's instruction to the contrary.[4] *See* 3 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 606.04 (2nd ed.2000) (explaining that testimony that a juror "misunderstood or disregarded the judge's instructions" is excluded by Rule 606(b)).

### C. No Basis for Judgment of Acquittal or New Trial

Because of the alleged juror misconduct, Defendant seeks both a Judgment of Acquittal pursuant to Fed.R.Crim.P. 29(c) and a New Trial pursuant to Fed.R.Crim.P. 33. With regard to Defendant's Motion for Judgment of Acquittal, the Court finds that the evidence submitted to the jury is sufficient to sustain Defendant Dismore's conviction on all counts.

■ Post-verdict evidence of prejudicial jury misconduct may serve as the basis for granting a defendant a new trial. Nonetheless, as the First Circuit has explained, "[t]he remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" *United States v. Andrade*, 94 F.3d 9, 14 (1st Cir.1996) (quoting *United States v. Indelicato*, 611 F.2d 376, 386 (1st

---

4. However, the Court notes that, to the extent this alleged juror statement would be admissible, the statement was apparently harmless and did not prejudice the jury. *See United States v. Boylan*, 898 F.2d 230, 260–62 (1st Cir.1990) (laying out the standard for deter- mining extra-record prejudice). Although the jury did find Defendant Dismore guilty of the crimes for which he was indicted, they did not unanimously find Defendant Noble guilty although he, like Defendant Dismore, was in- dicted on the charge of conspiracy.

Cir.1979)). There is quite simply no evidence suggesting that this is one of those rare cases.

 In fact, Defendant has failed to overcome the prima facie evidence that the jury's verdict was unanimous and properly reached. In this case, the Court polled the jury after receiving their verdict pursuant to counsel's request. All of the jurors concurred in the verdict. *See United States v. Morris,* 977 F.2d 677, 689 (1st Cir.1992) ("A juror's acceptance of the verdict upon polling constitutes prima facie evidence of his/her participation in deliberations, lack of irregularity therein, and concurrence in the outcome, and said verdict should not be disturbed absent extraordinary circumstances."). Defendant has not suggested, nor does the Court find, any extraordinary circumstances present in this case.

Additionally, the Court notes that although it received thirteen notes from the jury during the course of its deliberations,[5] some of which were signed by the foreperson and some of which were signed by other jurors, no member of the jury sent a note complaining of coercion or intimidation during the course of deliberations. *See id.* at 689–90 (discussing *Jacobson v. Henderson,* 765 F.2d 12, 15 (2d Cir.1985) (noting that the jurors had "the clear opportunity to bring [allegations of coercion and intimidation] to the trial judge's attention" before verdict was rendered)).

 Therefore, the Court concludes that the inadmissible irregularities reported by two jurors in this case after a weekend of reflection upon their deliberations "are simply part-and-parcel of the jury system, and provide neither a basis for inquiry nor grounds for undermining a verdict." *Mahoney,* 938 F.2d at 1493.

## III. CONCLUSION

For the reasons described herein, Defendant Dismore's Post–Trial Motion seeking a new trial, judgment of acquittal or,

5. *See* Court Exs. 5, 7, 8, 10–15, 17–19 & 21.

alternatively, a hearing on the issue of jury misconduct is hereby DENIED.

SO ORDERED.