# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

## Yul D. BRISCOE
### Storekeeper Third Class (E-4), U.S. Coast Guard

### Docket No.  001-62-12

### 12 June 2012

Special Court-Martial convened by Commander, Coast Guard Surface Forces Logistics Center. Charges referred 14 December 2011; ruling by military judge on 31 March 2012.

| | |
|---|---|
| Military Judge: | CAPT Michael E. Tousley, USCG |
| Trial Counsel: | LT Abdul A. Guice, USCGR |
| Assistant Trial Counsel: | LT D. Rodriguez, USCGR |
| Defense Counsel: | LT Charles M. Roman, JAGC, USN |
| Assistant Defense Counsel: | LT Gary C. Murphy, USCG |
| Appellate Government Counsel: | LT Amanda M. Caprari Lee, USCG |
| Appellate Defense Counsel: | LCDR Paul R. Casey, USCG |

### BEFORE
### McCLELLAND, DUIGNAN & NORRIS
Appellate Military Judges

McCLELLAND, Chief Judge:

This is a Government appeal under Article 62, Uniform Code of Military Justice (UCMJ).  On 31 March 2012, the military judge dismissed Specification 1 of Charge I and Specifications 2 through 5 of Charge II.  The Government gave notice of appeal on 3 April 2012, and also requested reconsideration on the same date, which the military judge denied on 4 April 2012.  On 12 and 17 April 2012, the Government filed with this Court the record of trial.  The Government filed its appeal brief on 1 May 2012.  Appellee filed his brief on 21 May 2012.

The Government appeals the military judge's dismissal of Specification 1 of Charge I and Specifications 2 and 3 of Charge II, asserting the following errors:

I.   The military judge abused his discretion when he predicated his ruling on findings of fact that are not supported by the evidence of record.

II.  The military judge abused his discretion when he failed to consider the relevance of Ms. D's testimony when deciding whether there was an adequate substitute to Ms. Z's testimony.

III. The military judge committed legal error when he concluded that Ms. Z could provide character evidence relevant to Ms. M's alleged drug use because such testimony is inadmissible under M.R.E. 404(a)(2).

We reject the third issue summarily, as it does not appear that the military judge drew the conclusion the Government attributes to him. We affirm the military judge's ruling in substance, but we find procedural error. The military judge properly could have abated the proceedings as to the contested specifications, but he erred in dismissing the specifications.

### Proceedings Below

The accused was charged with, among other things, a false official statement for telling a Coast Guard Investigative Service (CGIS) special agent that Ms. M, a civilian, was a habitual drug user (Charge I Specification 1); and assault and battery against Ms. M, whom he was dating at the time, in four instances on three different dates (Charge II Specifications 2-5).

The defense moved to dismiss Specification 1 of Charge I and Specifications 2 through 5 of Charge II because a material witness, Ms. Z, was unavailable, having been deported. (Defense Motion to Dismiss: Charge I, Specification 1 and Charge II, Specifications 2-5, dated 23 March 2012 (hereinafter Defense Motion to Dismiss), at 1.) According to an affidavit of Ms. Z, she had known the accused for almost four years, since June 2007, and had "been in a relationship" with him until at least summer 2010; she had met Ms. M in September, at some point had a conflict with her that became physical, and a day later witnessed a physical altercation between Ms. M and the accused. (Ms. Z's affidavit dated 13 April 2011, enclosed with Defense Motion to Dismiss.) The latter altercation was apparently the basis for Specifications 4-5 of Charge II, alleged to have occurred on 25 November 2010.

The defense argued that Ms. Z was an essential witness with respect to Specifications 4-5 of Charge II, being the sole witness other than the participants to the altercation. (Defense Motion to Dismiss at 6.) The defense also argued that Ms. Z was an essential witness for all of the specifications alleging assault upon Ms. M because she, Ms. Z, was a proper witness as to Ms. M's "aggressor-type nature based on [Ms. Z's] past interactions with Ms. [M]." (Defense Motion to Dismiss at 7.) The defense further claimed that Ms. Z could testify concerning Ms. M's drug use, although there was no evidence to support this claim. (*Id*.)

The Government's response opposed the motion to dismiss, largely focusing on Specifications 4-5 of Charge II. (Government's Response to Defense Motion to Dismiss Charge I, Specification 1 and Charge II, Specifications 1-2 [sic], dated 30 March 2012 (hereinafter Government's Response).)

The military judge granted the motion to dismiss, citing Rule for Courts-Martial (R.C.M.) 703(b)(3), Manual for Courts-Martial, United States (2008 ed.), upon finding as facts that Ms. Z had had a four-year relationship with the accused; that the accused, Ms. Z and Ms. M had intermittent social interaction; that Ms. Z was an essential percipient witness to the assaults alleged in Charge II, specifications 4 and 5; and that Ms. Z "had sufficient interaction with both the Accused and the alleged victim to provide character evidence relevant and necessary to a fact finder to make a culpability determination as to specification 1 of Charge I and specifications 2 and 3 of Charge II." (Rulings on Defense Motions, dated 31 March 2012.)

The Government requested reconsideration, asserting that there was insufficient evidence to support a finding that Ms. Z had personal knowledge of the matters at issue. As to Charge I, Specification 1, the Government acknowledged that Ms. Z "would be able to comment on the accused's character for truthfulness," but urged that there was no other basis for finding Ms. Z to be an essential witness. (Government Motion for Reconsideration, dated 3 April 2012 (hereinafter Motion for Reconsideration), at 6.) As to Charge II, Specifications 2 and 3, the Government pointed out that Ms. Z was not present for either event, and her speculation or conjecture about it would be inadmissible. (Motion for Reconsideration at 7-8.) The Government's position as to Charge II, Specifications 4 and 5 was more complex, but we need

not discuss it since the Government is not appealing the military judge's ruling as to those specifications.

The defense opposed the Government's Motion for Reconsideration. (Defense Response to Government Motion for Reconsideration, dated 4 April 2012 (hereinafter Defense Response).) The defense argued that Ms. Z's statement showed that she had had "sufficient contact with [Ms. M] to offer opinion evidence of the alleged victim's aggressor-type nature based on her past interactions with [Ms. M]." (Defense Response at 4.) The defense further argued that Ms. Z's relationship with the accused enabled her to testify regarding the accused's character for peacefulness and truthfulness, and that this made her an essential witness. (Defense Response at 5.) The defense also repeated its earlier proffer concerning Ms. Z's ability to testify concerning Ms. M's drug use, but again provided no evidence. (Defense Response at 6.)

The military judge denied the Government's request for reconsideration.[1] (Ruling on Government Motion for Reconsideration, dated 4 April 2012.)

### Appellee's Motion to Attach

As part of its Answer and Brief, Appellee moves to attach Appendix A, described in the brief as NCIC Record of Criminal Activity for [Ms. D]. The Government opposes the motion. We decline to grant the motion to attach Appendix A, a document presented without authentication or other foundation such as would be expected before admitting it as evidence at trial. Appendix A would not make any difference to our decision. The motion to attach is denied.

---

[1] The military judge noted that the defense had "provided additional evidence in support of this court's findings of fact." The Defense Response had listed as enclosures an email from the Government of 21 March 2012 and a witness response from the Government of 3 April 2012, apparently in support of the military judge's finding of fact that the Government had been unable to locate Ms. Z to serve as a witness. The witness response is in the record (Government Response to Defense Witness List Request Dated 23 March 2012, dated 3 April 2012), but the email is not included in the record. Based on the description of it in the Defense Response, its absence does not matter.

**Applicable law, Scope and Standards of Review**

Under Article 62, we act only with respect to matters of law. We review the military judge's decisions for abuse of discretion. We reject his findings of fact only if they are clearly erroneous or not supported by the evidence.

The law the military judge applied in his ruling and that we apply on this appeal is the following extract from R.C.M. 703(b)(3): "[I]f the testimony of a witness who is unavailable is of such central importance to an issue that it is essential to a fair trial, and if there is no adequate substitute for such testimony, the military judge shall grant a continuance or other relief in order to attempt to secure the witness' presence or shall abate the proceedings . . . ."

**Whether certain findings of fact are supported by evidence**

Before this Court, the Government asserts that the accused presented no evidence to support a finding of fact that Ms. Z knew of Ms. M's drug use, and insufficient evidence to support a finding of fact that Ms. Z could provide opinion evidence as to Ms. M's aggressiveness.

The military judge's finding of fact at issue stated that Ms. Z "had sufficient interaction with both the Accused and the alleged victim to provide character evidence relevant and necessary to a fact finder to make a culpability determination as to specification 1 of Charge I and specifications 2 and 3 of Charge II." (Rulings on Defense Motions, dated 31 March 2012.) This finding is vague as to exactly what testimony he considered Ms. Z qualified to provide. However, we begin with the presumption that he did not include testimony on Ms. M's character for drug use, since there was no evidence on this point and the military judge may be presumed to know that he could not find a fact that was completely unsupported. Beyond that, his reference to "interaction with both the Accused and the alleged victim" makes it clear that he intended to include testimony on the character of both the accused and Ms. M.

Clearly the character of Ms. M for aggressiveness was at issue, since it was specifically discussed in the defense's filings. Further, there was evidence on it. Accordingly, we believe the military judge's finding contemplated testimony on that subject. It is obvious to us that the

accused's character for truthfulness, in defense of Charge I, and his character for peacefulness, in defense of Charge II, would be likely subjects of Ms. Z's testimony to be offered by the defense. Accordingly, we interpret the military judge's finding as contemplating those subjects as well.

Taking the latter subjects first, Ms. Z's lengthy relationship with the accused would certainly qualify her to provide testimony concerning the accused's character for truthfulness and peacefulness. As to these subjects, the finding of fact is certainly not clearly erroneous; it is well supported by the evidence. As to the subject of Ms. M's character for aggressiveness, we think the evidence of Ms. Z's two observations of physical altercations involving Ms. M on two successive days adequately support the military judge's finding that Ms. Z had sufficient interaction with the alleged victim, Ms. M, to provide character evidence on this point. Although it is a closer call, here, too, the finding of fact is not clearly erroneous.

Even if we rejected the finding of fact as to Ms. M's character, the expected testimony concerning the accused's character for truthfulness and peacefulness would be sufficient to make Ms. Z an essential witness. The military judge did not abuse his discretion in ruling that Ms. Z is an essential witness, regardless of the issue of Ms. M's character.

### Whether the witness's testimony was cumulative

Before this Court, the Government asserts that the military judge abused his discretion when he did not consider that Ms. Z's testimony would have been cumulative to that of Ms. D.

The Government's response to the Motion to Dismiss included an affidavit from Ms. D, stating that she was a neighbor of both the accused and Ms. M and had spent time with the two of them. This affidavit arguably would support a finding that Ms. D could testify as to Ms. M's aggressive character, among other things. The Government now argues that Ms. Z's testimony would be cumulative with that of Ms. D and is therefore not essential. We reject the notion that a single witness is sufficient as a matter of law so that a second witness on the same subject cannot be essential. The military judge did not abuse his discretion when he held Ms. Z's testimony to be essential even though Ms. D was presumptively available to testify.

In any event, as previously noted, Ms. Z's expected testimony concerning the accused's character for truthfulness and peacefulness would be sufficient to make Ms. Z an essential witness, regardless of the issue concerning Ms. M's character.

### Remaining issues

The Government also appears to contest the military judge's finding of fact that Ms. Z was unavailable to serve as a witness, complaining that there was no evidence in the record that Ms. Z was in fact unavailable, or that the Government had exhausted all efforts to obtain a testimonial substitute. (Appeal and Brief on behalf of the United States at 12.) At the point when the military judge made his ruling, 31 March 2012, this was an understandable assumption, given the uncontested fact that Ms. Z had been deported and the Government's response which appeared to concede that she was unavailable. In the Motion for Reconsideration, the Government intimated that this was a premature conclusion, and expressed a willingness to make further efforts to seek her testimony or find a substitute. (Motion for Reconsideration at 9.) Yet on the same date, the Government responded to a defense witness request with a denial as to Ms. Z: "The government denies this witness due to unavailability and because she is outside of the courts compulsory process under RCM 703 (e)(2)(E)." (Government Response to Defense Witness List Request Dated 23 March 2012, dated 3 April 2012.)[2] Given this concession, which the defense called to his attention (Defense Response at 7), the military judge's denial of reconsideration, implicitly confirming his finding that Ms. Z was unavailable, was not clearly erroneous.

In short, the military judge did not abuse his discretion when he determined that Ms. Z was an essential witness and was unavailable and there was no adequate substitute for her testimony.

However, the military judge erred in dismissing the specifications. Having quoted the language of R.C.M. 703(b)(3) providing for abatement of the proceedings, he proceeded to dismiss the specifications at issue. It appears that he considered abatement and dismissal to be

---

[2] The "Defense Witness List Request Dated 23 March 2012" is not a part of the record. We presume this means the military judge did not have it before him.

synonyms, but they are not synonyms.  See *United States v. Davis*, 29 M.J. 357, 360 (C.M.A. 1990) ("Appellant was then required to elect and justify a remedy short of dismissal, either a continuance or abatement.").  R.C.M. 703(b)(3) does not give the military judge the power of dismissal.  The power of dismissal is reserved to the convening authority in such cases.  Alternatively, the convening authority may reactivate the matter by finding an adequate substitute for the presence of an unavailable witness, or if such a witness becomes available.

**Decision**

The Government's appeal is granted to the extent that the dismissal of Charge I Specification 1 and Charge II Specifications 2-3 is set aside.  The military judge may abate the proceedings as to those specifications, with due consideration for any changed circumstances allowing for another remedy.

Judges DUIGNAN and NORRIS concur.

For the Court,



L. I. McClelland
Chief Judge