19-4286
*United States v. Marko Stasiv*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of October, two thousand twenty-one.

PRESENT:
        GUIDO CALABRESI,
        BARRINGTON D. PARKER,
        RICHARD J. SULLIVAN,
          *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee*,

    v.                               19-4286

MARKO STASIV,

        *Defendant-Appellant.*\*

_____

_____

\*  The Clerk of Court is respectfully directed to amend the official caption as set forth above.

FOR PETITIONER:                                PETER F. LANGROCK, Langrock
                                               Sperry & Wool, LLP,
                                               Middlebury, VT.


FOR RESPONDENT:                                JONATHAN E. REBOLD, (Anna
                                               M. Skotko, *on the brief*),
                                               Assistant United States
                                               Attorneys, *for* Damian
                                               Williams, United States
                                               Attorney for the Southern
                                               District of New York, New
                                               York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction entered on December 17, 2019, is **AFFIRMED**.

Defendant-Appellant Marko Stasiv was convicted after a jury trial of conspiracy to commit bank fraud and wire fraud, in violation of 18 U.S.C. § 1349; wire fraud, in violation of 18 U.S.C. § 1343; and aggravated identify theft, in violation of 18 U.S.C. § 1028A.   On appeal, Stasiv challenges (1) the district court's denial of his motion for a new trial or an evidentiary hearing based on alleged juror coercion, (2) the district court's denial of his motion for a new trial based on

the submission of allegedly extra-record evidence to the jury, and (3) the sufficiency of the evidence proving that he participated in a conspiracy to commit wire fraud or bank fraud. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review for abuse of discretion the district court's denial of a motion for a new trial on the basis of juror misconduct. *United States v. Abrams*, 137 F.3d 704, 708 (2d Cir. 1998). Because of "a judicial reluctance . . . to inquire into . . . the conduct of the jurors during their deliberations," trial courts must insist on "clear" and "incontrovertible" evidence of a specific impropriety before holding a hearing to probe alleged juror misconduct. *King v. United States*, 576 F.2d 432, 438 (2d Cir. 1978) (citation and quotation marks omitted); *see also United States v. Vitale*, 459 F.3d 190, 197 (2d Cir. 2006). Ultimately, a district court may "overturn a jury's verdict only when its deliberations have taken the most egregious departures from rational discourse[.]" *Anderson v. Miller*, 346 F.3d 315, 330 (2d Cir. 2003).

Here, the district court acted well within its discretion in denying Stasiv's request for a new trial without holding an evidentiary hearing. Juror 10, who subsequently expressed regret about her decision to convict, claimed that as she

3

was still considering the evidence, a fellow juror grew "red-faced and agitated," and his communications turned from "rational dialogue to a demeaning, heated tone and expression." App'x at 111. At one point, Juror 10 thought the offending juror had become so excited that "he might jump out of his chair." App'x at 111. It was only after that episode that Juror 10 decided to join the others and return a guilty verdict.

We see no basis for disturbing the verdict. We have upheld jury verdicts despite more egregious jury-room conduct than what was alleged here. *See, e.g.*, *Anderson*, 346 F.3d at 320 (affirming the district court's denial of habeas relief where juror affidavits alleged name-calling and a shouting match in which court officers had to intervene during jury deliberations); *Jacobson v. Henderson*, 765 F.2d 12, 13–15 (2d Cir. 1985) (affirming the district court's denial of habeas relief where juror affidavits alleged instances of "screaming, hysterical crying, fist banging, name calling, . . . the use of obscene language," and a chair-throwing incident during deliberations); *United States v. Grieco*, 261 F.2d 414, 414–16 & n.1 (2d Cir. 1958) (affirming conviction where one juror's verbal abuse left another "shaking and crying"). Even assuming the truth of Juror 10's allegations, they reflect "at

4

most" that she "felt [herself] to be under pressure . . . to vote in favor of conviction." *Anderson*, 346 F.3d at 329. That sentiment does not warrant a new trial under the law of this Circuit, so the district court did not err in declining to hold a hearing to investigate her allegations before denying Stasiv's motion for a new trial.[1]

Stasiv also argues he is entitled to a new trial because the jury discovered inside Stasiv's backpack – which also contained other undisputedly relevant evidence, including a driver's license, permanent resident card, and two Ukranian passports, all in Stasiv's name – a cash deposit receipt from the City of New York Department of Correction ("DOC") with Stasiv's name on it. Stasiv argues that the receipt was prejudicial to him because it likely led the jury to conclude that he had been detained at Rikers Island. Whatever the relevance of the receipt, we hold that the district court did not abuse its discretion in denying Stasiv's request for a new trial.[2]

---

[1] Stasiv's reliance on *Smith v. Phillips*, 455 U.S. 209 (1982), is misplaced, as that case involved a specific allegation that a juror had a conflict of interest because, during the trial, he had applied for a position as an investigator in the District Attorney's Office, *id.* at 212.

[2] Stasiv assumes, without offering much support, that the receipt would not have been admitted into evidence had the government specifically offered it, citing only the district court's decision to exclude evidence of Stasiv's prior criminal record. We are not so sure. Unlike Stasiv's

At the outset, we doubt that Stasiv is entitled to even raise this objection because "defense counsel is as responsible as the prosecutor for seeing to it that only proper exhibits are sent to the jury room, and normally the failure of counsel to register a timely objection to the submission of improper evidence to the jury will be deemed a waiver, unless it is shown that the evidence was so prejudicial that the defendant was denied a fair trial." *United States v. Camporeale*, 515 F.2d 184, 188 (2d Cir. 1975) (citation and quotation marks omitted) (alterations adopted). In any event, assuming that Stasiv did not waive this argument and that the jury was improperly exposed to extra-record information, Stasiv is still not entitled to a new trial because he was not prejudiced by this evidence.

Though "extra-record information of which a juror becomes aware is presumed prejudicial," *United States v. Greer*, 285 F.3d 158, 173 (2d Cir. 2002), "[t]his presumption may be rebutted," including by a showing "that an abundance of properly admitted evidence relevant to [the] matter exists." *United States v. Weiss*, 752 F.2d 777, 783 (2d Cir. 1985). That presumption is easily rebutted here.

---

criminal history, the receipt could have been relevant to, for instance, demonstrating Stasiv's ownership of the backpack and its contents. But we need not resolve that issue to decide this appeal.

6

The evidence of Stasiv's guilt was overwhelming, including, among other things, electronic messages between Stasiv and a coconspirator discussing the creation of fraudulent utility bills to establish their residence in various states to execute the fraud, text messages about opening fraudulent bank accounts, testimony by Stasiv's coconspirator that implicated him, surveillance video of the members of the conspiracy opening fraudulent bank accounts, and business records showing the financial losses resulting from the fraud. On this record, we conclude that there was more than "an abundance" of evidence of Stasiv's guilt, so the jury's exposure to the DOC receipt was harmless. *Id.*

Stasiv's final argument is that the evidence was insufficient as to Count One, which charged him with conspiracy to commit bank and wire fraud, because it did not establish his intent to defraud federally insured financial institutions as required by the bank fraud statute. *See* 18 U.S.C. § 1344; *id.* § 20(1). We review the sufficiency of the evidence de novo, asking whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Vargas-Cordon*, 733 F.3d 366, 375 (2d Cir. 2013) (citation omitted). In so doing, we "draw all permissible inferences in favor of the government."

7

*United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011).

Although Count One alleges a conspiracy with two objects – bank fraud and wire fraud – Stasiv challenges the sufficiency of the evidence only with respect to the bank fraud object. This alone dooms his argument because "it is well-settled that when a conspiracy ha[s] multiple objectives, a conviction will be upheld so long as evidence is sufficient to show that [the defendant] agreed to accomplish at least one of the criminal objectives." *United States v. DeLillo*, 620 F.2d 939, 948 (2d Cir. 1980) (citation and quotation marks omitted). The government produced extensive evidence of Stasiv's involvement in a scheme to commit wire fraud, as Stasiv himself concedes. *See* Appellant's Br. 6 ("[T]here is clear evidence of a plan to defraud check cashing companies[.]"). That scheme involved substantial reliance on wires, including telephones, to transmit fraudulent information in interstate commerce for the purpose of obtaining money. *See* 18 U.S.C. § 1343. This evidence of wire fraud is more than sufficient to sustain the jury's conviction on the conspiracy count.

\* \* \*

We have considered Stasiv's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9